# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY R. LIKENS,<br><br>                   Plaintiff,<br>  vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                   Defendant. | CASE NO. 11cv0407-LAB (BGS)<br><br>**ORDER GRANTING MOTION FOR PAYMENT OF ATTORNEY'S FEES** |

     Brian C. Shapiro, counsel for Plaintiff Ricky R. Likens, asks the Court to order payment of attorney's fees in the amount of $20,016.98 from Likens's recovery of $80,067.90 in retroactive social security benefits. Likens did not respond to this request, and the Social Security Administration Commissioner ("Defendant" or "Commissioner") does not take a position. For the following reasons, the motion for attorney's fees is **GRANTED**.

**Background**

     On January 20, 2011, the Commissioner denied Plaintiff's claim for disability benefits under the Social Security Act, prompting this appeal. Pursuant to 28 U.S.C. § 636, Magistrate Judge Skomal issued a Report and Recommendation ("R&R") that the case be remanded to the Commissioner for consideration of additional evidence. The Commissioner

did not object to the R&R, and the Court adopted it in full, ordering the case remanded. (Docket no. 25.)

Based on the parties' joint stipulation, Judge Skomal awarded Plaintiff $3,950 comprising attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and costs under 28 U.S.C. § 1920. (Docket no. 27.) On remand, the Commissioner granted Plaintiff's application, entitling him to receive $80,067.90 in retroactive benefits. (*See* Docket no. 28-1, Mot. at 2.)

**Discussion**

**I.     Caption**

Plaintiff's original complaint names Michael J. Astrue, Commissioner of Social Security, as Defendant. (Docket no. 1.) On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Under Federal Rule of Civil Procedure 25(d), she should be substituted as Defendant for Michael J. Astrue. Accordingly, the Court **DIRECTS** the Clerk to reflect this substitution in the case caption.

**II.    Motion for Attorney's Fees**

Courts reviewing fee determinations in cases like this should "look[] first to the contingent-fee agreement, then test[] it for reasonableness." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Fee agreements requiring plaintiffs to pay over 25 percent of their past due benefits are unenforceable. *Id.* at 807; *see also* 42 U.S.C. § 406(b).

There is no definitive list of factors that weigh on whether a fee is reasonable, but courts "must respect 'the primacy of lawful attorney-client fee agreements' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The *Crawford* court set out factors courts should consider, based on its analysis of *Gisbrecht*, including "the character of the representation and the results the representative achieved." *Id.* at 1142. Courts may also consider the degree of risk attorneys assume in accepting these cases, "including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." *Id.* at 1152. In addition, "[t]he court may properly reduce the

fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151. In social security cases, "attorneys routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered." *Crawford*, 586 F.3d at 1147 (citing *Gisbrecht*, 535 U.S. at 803). Counsel bears the burden of establishing the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.

On February 2, 2011, Plaintiff Likens entered a contingency fee agreement where he would pay his counsel Shapiro 25 percent of back benefits awarded by the Social Security Administration. (Docket no. 28-2, Representation Agreement, at 1.) Shapiro spent 24.1 hours on the case. (*See* Docket no. 28-1 at 7, Shapiro Decl., ¶ 5; *see also* Docket no. 28-5, Ex. 4.) The results of Shapiro's representation were positive: a remand for consideration of additional evidence helpful to Likens, followed by an eventual decision in his favor. He received back pay of $80,067.90 in benefits, owing in large part to the evidence Shapiro fought to have the ALJ consider. (*See* Docket no. 28-3, ALJ Decision at 5 (giving "great weight" to the opinion of Dr. Viirre in its residual functional capacity analysis, when it was precisely the ALJ's initial rejection of Dr. Viirre's opinion that led the Court to remand).) Shapiro seeks $20,016.98 in fees, exactly 25 percent of the past-due award and therefore within the statutory maximum. *See* 42 U.S.C § 406(b).

The fee is reasonable, and the record provides no basis for a reduction in fee. Likens was granted a substantial award of past-due benefits as a result of his counsel's work, and there is no evidence of substandard performance or undue delay attributable to counsel. Shapiro submitted a timesheet detailing 24.1 hours spent working on the case. The incremental requested fee of $16,066.98 ($20,016.98 minus the $3,950 EAJA award) would result in an effective rate of $666.68 per hour, which is within the range of rates the Court regularly approves of. The Court finds the amount to be proportional and reasonable for the benefits ultimately awarded. Finally, the Court also finds that the degree of risk involved in taking Likens's case on a contingency basis was typical and does not weigh for or against a reduced fee award.

**Conclusion**

Shapiro's motion for payment of attorney's fees in the amount of $20,016.98 is **GRANTED**. Furthermore, of the $20,016.98, Shapiro shall reimburse $3,950 to Likens for the EAJA fees previously paid by the Commissioner.

**IT IS SO ORDERED**.

DATED: December 1, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge